Alton Ray McCARTY, et ux,
Appellants,

v.

CITICORP ACCEPTANCE CO.,
INC., Appellee.

No. 01-87-00796-CV.

Court of Appeals of Texas,
Houston (1st Dist.).

June 9, 1988.

Rehearing Denied June 23, 1988.

Kenneth C. Kaye, Houston, for appellants.

Robert G. Devlin, Sally S. Andrews, Devlin, Naylor & Walker, Houston, P. Michael Jung, Strasburger & Price, Dallas, for appellee.

Before WARREN, DUGGAN and LEVY, JJ.

## OPINION

LEVY, Justice.

The McCartys appeal from a summary judgment against them in their action for statutory penalties against Citicorp Acceptance Co., Inc. ("Citicorp"), pursuant to Tex. Rev.Civ.Stat.Ann. art. 5069–7.07(3) (Vernon 1987).

The McCartys purchased a vehicle from Gulf Freeway Toyota, Inc., and financed the purchase through Citicorp. The motor vehicle installment purchase contract contained the following language:

> On any default, we will have all the remedies of a secured party under the Uniform Commercial Code.

Appellants contend that this language violates art. 5069–7.07(3) of the Texas Commercial Credit Code. This article provides:

> No retail installment contract or retail charge agreement shall:
>
> (3) Authorize the seller or holder or other person acting on his behalf to enter upon the buyer's premises in violation of Chapter 9, Business & Commerce Code, as amended, or to commit any breach of the peace in the repossession of a motor vehicle.

The sole question presented is whether the quoted language from the McCartys' contract complies with art. 5069–7.07(3) as a matter of law. We hold that it does.

Appellants' reliance on *Gonzalez v. Gainan's Chevrolet City, Inc.*, 690 S.W.2d 885 (Tex.1985), is misplaced. In *Gonzalez*, the court held that a contractual provision authorizing repossession violated the version of art. 5069–7.07(3) in effect at the time Gonzalez signed the contract. The version of art. 5069–7.07(3) at issue in *Gonzalez* provided:

> No retail installment contract ... shall authorize the seller or holder or other person acting on his behalf to enter upon the buyer's premises unlawfully or to commit any breach of the peace in the repossession of a motor vehicle.

The contractual provision at issue in *Gonzalez* provided:

> (In the event of default) seller or any sheriff or other officer of the law may take immediate possession of said property without demand, including any equipment or accesories thereto; and for this purpose seller may enter upon the premises where said property may be and remove same.

The court held that the contract authorized a trespass because it purported to allow unlimited lawful rights of entry and repossession, and because, pursuant to art. 9.503 of the Texas Business & Commerce Code, repossession and entry are lawful only when they can be accomplished without a breach of the peace. *Gonzalez v. Gainan's Chevrolet City, Inc.*, 690 S.W.2d 885; *see* Tex.Bus. & Com.Code Ann. art. 9.503 (Vernon 1987).

In 1979, the Legislature deleted the language in art. 5069–7.07(3) prohibiting unlawful entry, and substituted language that instead prohibited entry in violation of Chapter 9 of the Business & Commerce Code.

In essence, appellants contend that the contractual provision reserving Citicorp's rights under the Business and Commerce Code violates the article prohibiting contractual violations of the Business and Commerce Code. There is no genuine issue of material fact that Citicorp authorized neither an entry in violation of Chapter 9, Business & Commerce Code, nor a breach of the peace in the repossession of a motor vehicle. The contractual provision in

question complies with art. 5069–7.07(3) as a matter of law.

The judgment of the trial court is affirmed.